McMATH, Respondent, v. O'CONNOR, Appellant. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by Ellen McMath against James O'Connor. Robert S. Pelletreau, for appellant. Walter H. Jaycox, for respondent.

PER CURIAM. We concede the rule, as claimed by the appellant, that to establish a gift causa mortis the evidence must be clear, convincing, strong, and satisfactory. We think that the plaintiff's claim is fairly established, by the proof, within the rule cited, and the transaction was a natural and reasonable one, considering the circumstances of the parties. It evidently was the intention of the testator to give Carll Nilson only the sum of $1,000 and his real estate. The remainder of his property he bequeathed to his wife. It appears that, subsequent to the execution of his will, the testator gave Nilson the $1,000 in money, and conveyed to him, by deed, the real estate. He thus, during his life, extended his bounty to Nilson to the same extent that he had intended to provide for him by his will. It was natural that the testator, when he found his wife at the point of death, should have transferred his bank books to the plaintiff, his sister and only relative. If, by this transfer, his estate is so depleted that there is nothing to apply to the claims of creditors or his funeral expenses (which is asserted in the briefs, but which we do not find in the

evidence), the gift is doubtless void to the extent of such claims and expenses, and the defendant can maintain his action to avoid the gift to that extent. The issue does not arise in this action, nor is it determined by the judgment herein. The judgment appealed from should be affirmed, with costs.